R. G. OWENS AND A. G. MANESS v. LONNIE VONCANNON AND WIFE, DORIS VONCANNON, LEONARD VONCANNON AND ALMA S. BROWN.

(Filed 27 April, 1960.)

**Pleadings § 6:     Judgments § 13—**

Where a defendant has a consent judgment against her set aside on the ground that she did not employ the attorney who filed answer and did not authorize him to consent to the judgment in her behalf, she may not rely upon the answer filed by the attorney, and the court, upon its finding that she has no meritorious defense, properly refuses to exercise its discretionary power to permit her to file answer after the expiration of the time allowed, and properly enters judgment by default.

APPEAL by defendant Alma S. Brown from *Crissman, J.,* February Term, 1960, of RANDOLPH.

After decision on former appeal, 251 N.C. 351, 111 S.E. 2d 700, (*q. v.* for particulars as to prior proceedings) there was a hearing *de novo* on appellant's motion of May 19, 1959.

In her motion of May 19, 1959, appellant alleged, *inter alia,* that she "never at any time retained Sam W. Miller, Attorney at Law, of Asheboro, North Carolina, in the above entitled case." She prayed, *inter alia,* that the consent judgment of November 25, 1957, signed by Sam W. Miller, Esq., purportedly as attorney for all defendants, be set aside, and that the court order the clerk to accept and file the answer tendered in her behalf on March 10, 1959.

Judge Crissman found as facts that appellant did not directly or indirectly employ Sam W. Miller, Esq., to file the answer of June 24, 1957, and did not authorize him to consent to the judgment of November 25, 1957; that the time for filing answer expired June 24, 1957, but no answer was tendered by appellant until March 10, 1959; and that appellant has no meritorious defense to plaintiffs' action.

Thereupon, the court (1) denied, in its discretion, appellant's motion that she be permitted to file the answer tendered March 10, 1959; (2) adjudged void and vacated, as to appellant, the judgment of November 25, 1957; and (3) adjudged that plaintiffs recover of appellant, by reason of her default, the sum of $2,000.00, with interest and costs.

Appellant, excepting to said findings of fact and judgment, appealed.

*Miller & Beck for plaintiffs, appellees.*
*Ottway Burton for defendant Alma S. Brown, appellant.*

PER CURIAM.  The court's finding to the effect that appellant did not directly or indirectly authorize Sam W. Miller, Esq., to file in her behalf the answer of June 24, 1957, is amply supported by the statement in appellant's verified motion of May 19, 1959, quoted above, and by appellant's testimony at the hearing before Judge Crissman. Nothing in the record indicates that appellant has a meritorious defense. The failure of appellant to show that she has a meritorious defense was properly considered by the court in determining whether, in the exercise of its discretion, appellant should be permitted to file belatedly the answer tendered in her behalf on March 10, 1959.

Appellant, having consistently denied the authority of Sam W. Miller, Esq., to act as her attorney for any purpose, cannot now rely on an answer filed by him, purportedly in behalf of all defendants, on June 24, 1957.

Affirmed.